# SUPREME JUDICIAL COURT

FOR THE

COUNTY OF ESSEX, NOVEMBER TERM 1847,
AT SALEM.

PRESENT:

Hon. LEMUEL SHAW, CHIEF JUSTICE.
Hon. SAMUEL S. WILDE, } JUSTICES.
Hon. CHARLES A. DEWEY, }

GEORGE A. PUTNAM *vs.* DANIEL TILLOTSON.

A bill of lading, signed "A. B., for the master," is admissible in evidence, if A. B. had authority so to sign, although his authority does not appear on the bill; and his testimony, if believed, is sufficient proof of such authority.

In an action for shoes sold and delivered, brought by a manufacturer in this State against a distant purchaser, evidence is admissible to show that when shoes are ordered, it is the usage and course of the shoe business, when no special mode of conveyance is mentioned by the purchaser, for the manufacturer to take the shoes to Boston, at his own risk and cost, and there deliver them to some regular line of packets running to the purchaser's place of business, and take duplicate bills of lading, and forward one of them to the purchaser, by mail, and that from that time the delivery is complete, and the purchaser takes the risk of loss.

ASSUMPSIT for shoes sold and delivered, by a shoe manufac-
turer in Danvers in this county, to a merchant in Mobile, in
the State of Alabama. Trial in the court of common pleas,
before *Ward*, J. whose report of the case was as follows:

There was evidence tending to show that the defendant, in September 1840, ordered the shoes from the plaintiff, to be sent to him at Mobile; that the general course of the business, when no special mode of conveyance is mentioned in the order, is for the manufacturer here to take the goods to Boston, at his own cost and risk, and there deliver them to some regular line of packets running to the place of the purchaser, and take duplicate bills of lading, and forward one to the purchaser, by mail; and that, from that time, the delivery was complete, and the vendee took the risk of loss.

There was also evidence tending to show that the plaintiff did deliver the shoes in Boston, at the packet office of Lombard & Company, a regular line of packets to Mobile, and that he took the duplicate bills of lading, and sent one by mail to the defendant; that the shoes never arrived at Mobile, but were lost. It did not appear how they were lost, nor where, but simply that they did not arrive at Mobile.

O. H. Pierce, jr. was called as a witness, and testified that he was a clerk of Lombard & Company, and was called the shipping clerk; that his duty was to sign the bills of lading for the captains; that he was authorized by the captains and by Lombard & Company so to do, upon the receipt of the goods at the vessel, store or wharf; and that he never signed any bill of lading until the goods were delivered at one or the other of these places.

The plaintiff then offered a bill of lading, in the following form: "Shipped, in good order and well conditioned, by George A. Putnam, in and upon the good schooner called the Sudam, whereof Winsor is master, now lying in the port of Boston, and bound for Mobile, Ala. viz. four boxes shoes, being marked and numbered as per margin; and are to be delivered, in like good order and well conditioned, at the aforesaid port of Mobile, (the danger of the seas only excepted,) unto Daniel Tillotson or assigns, he or they paying freight for said goods, eight cents per foot, with primage and average accustomed. In witness whereof, the master of the said vessel hath affirmed three bills of lading, all of this tenor and date; one of which

being accomplished, the rest to stand void. Dated in Boston the 25th day of November 1840. For the master, O. H. Pierce, jr." The defendant objected to this bill, on the ground that it did not appear, on the face of it, to be signed by the captain, or any person duly authorized. The objection was overruled, and the bill admitted, and the question of the authority of Pierce was left to the jury.

The defendant contended that, from the evidence in the case, it appeared that there was some difference or variance between the shoes ordered and those sent. On the same evidence, the plaintiff contended that there was no such variance, but that, if there was, the defendant had waived, by his letters to the plaintiff, all right to object on this account.

The court instructed the jury, among other things, that as to the variance between the goods ordered and those sent, unless the goods sent were those ordered, they must find for the defendant, unless the defendant, by his letters and acts, subsequent to the receipt of the bill of lading, waived all objection on this account; that if, by the regular and usual course of business, the plaintiff's only duty was to deliver to the packet office in Boston, and take the bills of lading, properly signed by the captain, or by his authority, and forward one to the defendant by mail, and if he did all this, then this was a delivery to the defendant, and the plaintiff was not bound to see the goods actually on board the vessel.

The jury found a verdict for the plaintiff, and the defendant alleged exceptions to the above rulings of the court

*Roberts*, for the defendant.

*Perkins*, for the plaintiff.

Shaw, C. J. The court are of opinion, that the directions given by the judge at the trial, on the point of delivery, were right. The goods were ordered by the plaintiff, to be sent to him at Mobile. The plaintiff, according to the course of trade, delivered them at the packet office in Boston, and obtained a bill of lading signed by Pierce, for the master. The questions as to the usual course of trade, and of the authority of Pierce to sign a bill of lading for the master, were left to

the jury, who found for the plaintiff. The question of usage was properly left to the jury. *Clark* v. *Baker*, 11 Met. 186.

We take it to be well settled, as to goods ordered to be sent to a distant purchaser, that a delivery to a carrier appointed by the consignee, vests the property in the purchaser. *Stanton* v. *Eager*, 16 Pick. 467. So a delivery to a common carrier, in the usual course of business, when no carrier is named by the purchaser, is a good constructive delivery to vest the property in the vendee. *Dutton* v. *Solomonson*, 3 Bos. & Pul. 582. Also such carrier, who has executed a bill of lading, by himself or his authorized agent, becomes thereupon answerable to the consignee, and in case of non-delivery, the action may be brought by the consignee. *Dawes* v. *Peck*, 8 T. R. 330.

Such was the effect of the directions to the jury, by the judge of the court of common pleas who tried the case, and we think they were right.       *Exceptions overruled.*